# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| JACQUELINE WILLIAMS | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) Case No. |
| | ) |
| DENIS McDONOUGH, Secretary | ) |
| UNITED STATES DEPARTMENT OF | ) |
| VETERANS AFFAIRS, | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT AND JURY DEMAND

COMES NOW Plaintiff, Jacqueline Williams, by and through her undersigned counsel, and files this Complaint for damages for her causes of action against Defendant the United States Department of Veterans Affairs. Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq*.

2. As this Complaint asserts federal causes of action arising under the laws of the United States, jurisdiction is appropriate pursuant to 28 U.S.C. § 1331.

3. Plaintiff is employed by the Defendant in Kansas City, Missouri. Pursuant to 28 U.S.C. § 139, venue properly lies in this judicial district in that the alleged unlawful employment practices were committed within the jurisdiction of the United States District Court for the Western District of Missouri, specifically in Kansas City, Missouri, and the Defendant is a government employer who is subject to the jurisdiction of this Court.

## PARTIES

4. Plaintiff, Jacqueline Williams, is a United States citizen. She resides in the greater Kansas City area.

5. Plaintiff is an African American female who has participated in protected activity.

6. Defendant McDonough, in his capacity as Secretary of the VA, is located in Washington, D.C.

7. The United States of America and its Agency, United States Department of Veterans Affairs, Kansas City Veterans Administration Hospital (hereafter "KCVA") is located at 4801 Linwood Blvd., Kansas City, Missouri.

## ADMINISTRATIVE PROCEDURES

8. After initiating informal administrative complaints on in December 2018 and April 8, 2020 and times thereafter, Plaintiff received her Notice of Right to File Formal Complaints and timely filed them.

9. Plaintiff has exhausted all administrative remedies.

10. Plaintiff timely filed this lawsuit within 90 days of the receipt of the Final Agency Decision.

11. All of Plaintiff's claims alleged in this Complaint were considered during the administrative investigation of his administrative Complaints of Discrimination and they reasonably followed from and were closely related to the allegations contained in the administrative complaints of discrimination, reprisal, and retaliation.

12. Pursuant to 42 U.S.C. § 2000e-16(c), Plaintiff therefore invokes her right to bring this civil action in that he has satisfied all administrative and judicial prerequisites to the institution of this action.

## ALLEGATIONS COMMON TO ALL COUNTS

13. Plaintiff is an African American female.

14. At the relevant times, Plaintiff was employed as a Medical Support Assistant, GS 6.

15. During her time working for the Kansas City Veteran's Administration, colleagues, coworkers, and supervisory personnel repeatedly engaged in racial discrimination, harassment and reprisal.

16. Plaintiff brought two separate claims for discrimination while working at the VA. Claim Number 200J-0589-201790076 and 200J-0589-2020103385. She received a Final Agency Decision on the second claim but has never received an FAD on the first. Accordingly, all of her claims are timely.

17. Plaintiff alleges that she was subjected to a hostile work environment. Her first line supervisor, Avis Watson McCloud, as well as her second level and third level supervisors discriminated against her beginning in approximately 2017.

18. Plaintiff's supervisor began harassing plaintiff, piling work on her that she did not require of the other MSAs under her supervision, nitpicking Plaintiff's work and engaging in behaviors designed to cause plaintiff to quit or get fired.

19. On or about August 15, 2017, Plaintiff's supervisor sent a text message to Complainant's co-worker, Adrienne Curry, stating that it was her supervisor's goal to "stress Jackie out until she leaves or gets fired so I can promote you."

20. Plaintiff requested relief from her workload as it was so much heavier than the other MSAs. A nurse manager, who also recognized the work overload on Plaintiff, requested the supervisor to more evenly distribute the load.

21. Plaintiff was threatened and told to "get her work done."

3

22. Plaintiff's supervisor had a pattern or practice of refusing Plaintiff's leave, even though she had enough to cover her leave requests. Plaintiff's supervisor used leave as a method of harassing plaintiff.

23. On November 22, 2019, Plaintiff became ill when a chemical of unknown origin spilled on her desk. The spill was sufficiently noxious to melt part of her computer keyboard.

24. She went to the Employee Health Nurse where she was feeling nauseous and throwing up. She requested sick leave in the WEBTA-VATAS system.

25. Plaintiff was told by her supervisor to go back to work despite the spill and her illness. She was told to report to the 3rd floor.

26. When Plaintiff opted to take the three hours of sick leave, following the procedures required to do so, her supervisor charged her instead with AWOL for the time that she took her leave.

27. At all times, Plaintiff followed the appropriate procedures in requesting the leave. She had leave available to her and there was no sufficient reason for her to be charged with AWOL for using her sick leave when she became ill at work due to a chemical spill.

28. Plaintiff's supervisor continued harassing Plaintiff and engaging in discriminatory treatment of her.

29. On or about April 6-10, 2020, Ms. Williams was suspended for five days as a result of her reporting the chemical spill.

30. The proposed suspension was approved by her supervisor, her second and third line supervisors. The proposed suspension was based upon facts that were demonstrably false.

31. The proposed suspension, issued by Ms. Watson-McCloud, included the following charges:

a. Failure to carry out supervisory instructions. Ms. McCloud alleged that Plaintiff failed to submit completed NSW reports on five occasions. Plaintiff denies those allegations.

b. Inappropriate conduct. Defendant claims that Ms. Williams engaged in a verbal altercation with her supervisor, spoke in a raised voice and slammed the door to her office. Plaintiff denies these occurrences.

c. Absence without leave. Defendant claims that Ms. Williams failed to remain on duty for three hours on November 22, 2019. Ms. Williams reported on that day and subsequently that a chemical spill on her computer melted her keyboard, made her sick and she requested leave as set forth in the leave policy.

d. Leaving her assigned duty station without proper permission. Plaintiff did leave her duty station. She did so after reporting to the nurse's office following the chemical spill.

32. Ms. Williams has not been selected for numerous positions since she made her allegations of harassment and discrimination. The first non-selection occurred in 2019 when she was not selected for position vacancy number CBDA 10636677-20-SURSAS. Since that time, she has been non-selected on multiple occasions.

33. As a direct and proximate result of the conduct of Defendants and the conduct of the supervisors and managers, Plaintiff suffered grievous injury and damage, including but not limited to past, present, and future lost wages, benefits, earnings and earning capacity, mental anguish, pain, humiliation, embarrassment, depression, anxiety, anger, physical manifestations of emotional distress and physical injury, and lost enjoyment of life.

**COUNT 1: RACE DISCRIMINATION. AGE AND SEX DISCRIMINATION
<u>DISPARATE TREATMENT</u>**

34. Plaintiff hereby incorporates by this reference each and every allegation found in paragraphs 1–47.

35. Plaintiff is an African American female over the age of 40. She is a member of a protected class.

36. She is qualified for the positions she has held at the KCVA and met her employer's legitimate performance expectations.

37. Plaintiff suffered adverse job actions when management engaged in the actions including but not limited to:

   a. On November 22, 2019, Avis Watson-McCloud, Supervisor, denied her leave after becoming ill at work due to a chemical spill.

   b. On or about April 6, 2020, Ms. Williams was given a seven day suspension (subsequently remediated to a five day suspension) for false reasons and without appropriate investigation.

   c. Plaintiff sought multiple positions to move away from her supervisor; she has not been given those positions despite having greater qualifications than those hired for the positions. This pattern started in 2018 when plaintiff was not chosen on CBDA 10636677-20-SURSAS.

   d. Plaintiff was given more work and poorer working conditions than those who were similarly situated to her.

   e. Plaintiff endured continuous harassment that altered the terms and conditions of his employment.

38. The Agency and Management Officials treated similarly situated Caucasian employees more favorably than Plaintiff.

39. As a direct and proximate result of the conduct of Defendants and the conduct of the supervisors and managers, Plaintiff suffered grievous injury and damage, including but not limited to past, present, and future lost wages, benefits, earnings and earning capacity, mental anguish, pain, humiliation, embarrassment, depression, anxiety, anger, physical manifestations of emotional distress and physical injury, and lost enjoyment of life.

**COUNT 2 HOSTILE ENVIRONMENT BASED ON RACE, COLOR, DISABILITY AND SEX**

40. Plaintiff hereby incorporates by this reference each and every allegation found in paragraphs 1–53.

41. During the course of Plaintiff's employment with the Defendant, Plaintiff experienced a hostile environment based upon his race, age, color and sex in that:

    a. Plaintiff was subjected to harassment;

    b. The harassment was unwelcome;

    c. The harassment was based upon Plaintiff's race, age, color and sex;

    d. The harassment was sufficiently severe or pervasive that a reasonable person in Plaintiff's position would find Plaintiff's work environment to be hostile or abusive;

    e. At the time the harassment occurred and as a result of it, Plaintiff believed the work environment to be hostile or abusive;

    f. Defendants knew or should have known of the harassment; and

    g. Defendants failed to take prompt, appropriate corrective action to end the harassment.

42. As a direct and proximate result of the conduct of Defendants and the conduct of the supervisors and managers, Plaintiff suffered grievous injury and damage, including but not limited to past, present, and future lost wages, benefits, earnings and earning capacity, mental

anguish, pain, humiliation, embarrassment, depression, anxiety, anger, physical manifestations of emotional distress and physical injury, and lost enjoyment of life.

## COUNT 3: RETALIATION
## ALL DEFENDANTS

43. Plaintiff hereby incorporates by this reference each and every allegation found in paragraphs 1–33.

44. Plaintiff complained to Defendants her concerns that she was being discriminated against directly and through her prior EEO complaints as well as the informal counseling and formal complaints in 2018–2020.

45. Plaintiff reasonably believed that Plaintiff was being harassed and/or discriminated against on the basis of race and sex or age.

46. Defendant engaged in adverse actions against the Plaintiff including but not limited to the following actions:

   a. On November 22, 2019, Avis Watson-McCloud, Supervisor, denied her leave after becoming ill at work due to a chemical spill.

   b. On or about April 6, 2020, Ms. Williams was given a seven day suspension (subsequently remediated to a five day suspension) for false reasons and without appropriate investigation.

   c. Plaintiff sought multiple positions to move away from her supervisor; she has not been given those positions despite having greater qualifications than those hired for the positions. This pattern started in 2018 when plaintiff was not chosen on CBDA 10636677-20-SURSAS.

   d. Plaintiff was given more work and poorer working conditions than those who were similarly situated to her.

8

  e. Plaintiff endured continuous harassment that altered the terms and conditions of his employment.

47. The Agency and Management Officials treated similarly situated Caucasian employees more favorably than Plaintiff.

48. The Agency undermined Plaintiff's work so that she could not be successful;

49. Other events as set forth in the Statement of Facts.

50. Plaintiff's complaints of racial, age, color and sex-based harassment and/or discrimination were contributing and/or motivating factors in the adverse actions taken against Plaintiff.

51. As a direct and proximate result of the conduct of Defendants and the conduct of the supervisors and managers, Plaintiff suffered grievous injury and damage, including but not limited to past, present, and future lost wages, benefits, earnings and earning capacity, mental anguish, pain, humiliation, embarrassment, depression, anxiety, anger, physical manifestations of emotional distress and physical injury, and lost enjoyment of life.

WHEREFORE, Plaintiff respectfully prays that this Court:

1. Issue judgment against the Defendants for all the damages that Plaintiff has incurred, including without limitation, physical and personal injury, emotional distress, back pay, future pay, lost earnings, lost earning capacity, special damages, and all compensatory damages to which the Plaintiff is entitled;

2. Issue judgment against the Defendants for equitable or injunctive relief including returning Plaintiff to a position commensurate to that from which she was terminated;

3. Award Plaintiff her reasonable attorneys' fees, costs, and expenses;

4. Award to Plaintiff any and all such further relief as may be equitable and just.

**DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury.

        Respectfully submitted,

        */s/ Rebecca M. Randles*
        REBECCA M. RANDLES    MO #40149
        **RANDLES MATA, LLC**
        851 NW 45th Street
        Suite 310
        Kansas City, Missouri 64116
        (816) 931-9901
        (816) 931-0134 (FAX)
        rebecca@randlesmatalaw.com

        Attorney for Plaintiff