IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

JACQUELINE WILLIAMS,                )
                                    )
        Plaintiff,                )
                                    )
        v.                        )    Case No. 4:21-cv-00781-DGK
                                    )
DENIS McDONOUGH, SECRETARY          )
OF THE DEPARTMENT OF VETERANS       )
AFFAIRS, et al.,                    )
                                    )
        Defendants.               )

## ORDER DIRECTING PLAINTIFF'S COUNSEL TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE ISSUED

      This is an employment case brought by Plaintiff Jacqueline Williams against Defendants Dennis McDonough, in his official capacity as Secretary of the Department of Veterans Affairs, and the United States of America. Plaintiff is represented by attorney Rebecca Randles. The Complaint alleged discrimination, hostile work environment, and retaliation claims against Defendants in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. The Court recently granted Defendant's motion for summary judgment on all counts. ECF No. 32. In that Order, the Court noted it would be following up with a show cause order based on Ms. Randles' reliance on improperly executed affidavits to oppose summary judgment and the misrepresentations made in Plaintiff's filings. *Id.* at 3 n.4. This is that Order.

      The Court separated Ms. Randles' conduct into three categories. Nearly every paragraph below addresses separate and distinct conduct, each of which Ms. Randles shall specifically address in her response.

## Categories of Conduct

A. **Reliance on improperly executed affidavits.**

The Eighth Circuit has repeatedly held undated and unsigned affidavits are insufficient evidence to support a motion for summary judgment. *See Watson v. McDonough*, 996 F.3d 850, 854 n.3 (8th Cir. 2021) (refusing to consider an undated, unsigned affidavit submitted in support of plaintiff's discrimination case against the VA). Notably, Ms. Randles was plaintiff's counsel in that case, so she should be abundantly familiar with this standard. Despite this, Plaintiff's brief in opposition to summary judgment heavily relies on co-worker Adrienne Curry's *unsigned and undated* affidavit to establish Plaintiff's supervisor, Avis Watson-McCloud, (1) discriminated against Plaintiff based on her race and age, and (2) texted Curry that she was intentionally trying to stress Plaintiff out so she would quit. *See Curry's Aff.*, ECF No. 25-8. Plaintiff also submitted two other improperly executed affidavits. *See* Pl.'s Aff., ECF No. 25-21 (not dated); Kemp's Aff., ECF No. 25-20 (not dated).

B. **Potential Misrepresentations.**

Plaintiff's brief contains numerous misrepresentations and overt errors, three of which the Court addresses below.

**First**, setting aside Plaintiff's reliance on Curry's unsigned and undated affidavit, Plaintiff represents Watson-McCloud texted Curry that her goal was to "stress [Plaintiff] out until she leaves or gets fired so I can promote you [(Curry)]." Suggestions in Opp'n at 2, ECF No. 25. The attached text message does not support this statement, however. In fact, the exhibit does not contain a single text message from Watson-McCloud. *See* Text Message, ECF No. 25-9.

2

**Second,** Plaintiff cites to Krystal Kemp's affidavit in support of the statement Watson-McCloud, "was significantly younger than [Plaintiff]," yet Kemp's affidavit does not reference Watson-McCloud's age. *See* Suggestions in Opp'n at 15; *see* Kemp's Aff., ECF No. 25-20.

**Third,** Plaintiff either failed to follow Court Orders or misrepresented the parties' discovery status to the Court. Plaintiff requested a sixty-day extension of time to complete discovery just four days before discovery was due. *See* Mot. for Ext. at 1, ECF No. 15. In reviewing the motion, the Court noted neither party had filed any certificates of service indicating discovery was underway as required by Local Rule 26.3(b) and ordered the parties to file all past and future certificates of service. Order, ECF No. 16. Both parties missed the deadline, so the Court entered a show cause order. *See* Show Cause Order, ECF No. 17. Plaintiff subsequently filed three certificates of service[1] dated the day of their filing with the Court, suggesting Plaintiff either (1) again failed to file past certificates of service, or (2) no past certificates of service existed because the parties had not begun discovery yet. If the former is true, then Plaintiff failed to follow Court orders. If the latter is true, then Plaintiff misrepresented the parties' discovery status to the Court in her motion to extend the discovery deadline. *See* Mot. for Ext. at 1 (representing discovery was underway and Defendant had produced discovery responses in January 2023).

C. **Potential vexatious and frivolous briefing tactics and pleadings.**

**First,** Plaintiff improperly controverted an abundance of Defendant's proposed material facts by either restating the same thing in different words or by adding irrelevant commentary. *See, e.g.*, Df.'s Proposed Fact No. 16, ECF No. 25 at 9 (restating the same situation in different

---

[1] The first states Plaintiff served her first request for production of documents on March 27, 2023. ECF No. 19. The two remaining certificates of service state Plaintiff served her initial disclosures on March 23 and 27, 2023. ECF Nos. 18, 20. The Court's Rule 16 Notice suggests Plaintiff served her initial disclosures nine months late. *See* Rule 16 Notice, ECF No. 8; Fed. R. Civ. P. 26(a)(1)(C); *see also* L.R. 26.1(a) ("If the attorneys . . . fail to make initial disclosures as provided by these Rules, the Court may impose sanctions.").

3

words); Df.'s Proposed Fact No. 8, *id.* at 7 (discussing unrelated text messages after controverting statement concerning who reported the chemical spill).

**Second,** Plaintiff's briefing and Complaint appear to be copied and pasted from other unrelated documents or cases. *See* Suggestions in Opp'n at 25 (referring to a "Ms. Gill" for the first time and discussing Plaintiff's termination despite Plaintiff never being terminated in this case—a paragraph copied from Ms. Randles' summary judgment briefing in *Gill v. McDonough*, 4:21-cv-00411-LMC (W.D. Mo. June 14, 2021)); *id.* at 41 (referencing a hostile work environment based on gender for the first time in a concluding sentence).

**Third,** the Complaint raises claims based on race, age, sex, color, and disability, yet Plaintiff never raised sex, color, or disability claims with an Equal Employment Opportunity counselor, nor did she argue those claims in her briefing. Given the hodgepodge of claims—some related, some unrelated—the Court, and presumably Defendant, spent hours meticulously combing through the record to discern what claims Plaintiff properly raised.

**Fourth,** and related, the Court noted in its Order granting summary judgment that age is not a protected class under Title VII (the only avenue Plaintiff brought her claims under), making Plaintiff's age-based claims frivolous.

## Discussion

The Court is concerned that the above conduct may warrant the imposition of sanctions under various avenues. Under Rule 11, sanctions are appropriate "when a pleading [1] is 'presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation,' Fed. R. Civ. P. 11(b)(1), [2] contains allegations or factual contentions that lack evidentiary support, Fed. R. Civ. P. 11(b)(3), or [3] contains denials of factual contentions that are not warranted on the evidence[,] Fed. R. Civ. P. 11(b)(4)." *Clark v. United*

*Parcel Serv., Inc.*, 460 F.3d 1004, 1008 (8th Cir. 2006) (affirming award of sanctions for summary judgment responses that violated Rule 11). Sanctions may also be imposed when an attorney "so multiplies the proceedings in any case unreasonably and vexatiously," 28 U.S.C. § 1927, or "abuses the judicial process," *Vallejo v. Amgen*, 903 F.3d 733, 749 (8th Cir. 2018) (inherent authority sanction). At first blush, the statements and filings noted above may violate these principles.

But before deciding, the Court would like the parties' input. Ms. Randles is ORDERED to show cause by November 28, 2023, why the conduct noted above should not be sanctioned under Rule 11, § 1927, and/or the Court's inherent authority. In doing so, she shall explain in detail who was responsible for the statements in the Complaint and all referenced briefing and who (if anyone) reviewed or approved them before filing.[2] As it relates to the three improperly executed affidavits, Ms. Randles shall specify (1) who drafted each affidavit; (2) whether each affiant personally reviewed their affidavit before it was submitted to the Court; (3) when and how such review occurred; and (4) whether anyone else reviewed or approved the affidavits before filing. Additionally, Ms. Randles shall explain whether she has ever been sanctioned or reprimanded by other courts, including when, where, and what occurred.

Defendant is ORDERED to provide a brief by December 12, 2023, responding to Ms. Randles' positions, providing any additional examples of how her filings violate these rules, and outlining the expenses and/or attorneys' fees (if any) that it incurred from this potential misconduct. Ms. Randles may then file a reply by December 22, 2023, that responds to Defendant's brief. Each brief must be no more than ten double-spaced pages, and they shall make

---

[2] Chelsea McClain and Daniel A. Thomas of Humphrey, Farrington, and McClain, P.C. also represent Plaintiff in this case. However, the Court notes neither of these attorneys filed documents or signed pleadings submitted to the Court. Nonetheless, Ms. Randles shall specify whether either of these attorneys reviewed or approved any of her filings submitted to the Court.

pinpoint citation to Eighth Circuit caselaw—including the cases cited here—as well as any other persuasive authority.

**IT IS SO ORDERED.**

Date: <u>November 7, 2023</u>         <u>  /s/ Greg Kays                              </u>
                                     GREG KAYS, JUDGE
                                     UNITED STATES DISTRICT COURT