# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| JACQUELINE WILLIAMS, | ) |
|             Plaintiff, | ) |
| v. | ) Case No. 4:21-cv-00781-DGK |
| DENIS MCDONOUGH, SECRETARY OF THE DEPARTMENT OF VETERANS AFFAIRS, et al., | ) |
|             Defendants. | ) |

## ORDER DECLINING TO IMPOSE SANCTIONS

This is an employment case brought by Plaintiff Jacqueline Williams against Defendants Denis McDonough[1], in his official capacity as Secretary of the Department of Veterans Affairs, and the United States of America. Plaintiff is represented by attorney Rebecca Randles. The Complaint alleged discrimination, hostile work environment, and retaliation claims against Defendants in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

The Court granted Defendant Denis McDonough's[2] Motion for Summary Judgment on all counts and noted that it would issue a show cause order due to Ms. Randles' potentially sanctionable filings. ECF No. 32. In the show cause order, the Court directed Ms. Randles to explain why she should not be sanctioned for: (1) submitting improperly executed affidavits; (2) making misrepresentations regarding discovery; (3) controverting facts without any basis to do so; and (4) making legally and factually unsupported arguments and allegations. ECF No. 34.

---

[1] The Court recognizes that the current Secretary is Douglas Collins, but the Court has left the references to Secretary McDonough because he was in that role at all relevant times.

[2] After Defendant McDonough filed his motion for summary judgment, the Government separately filed a motion to dismiss the United States as a party. The Court denied that motion as moot since it granted summary judgment. For purposes of this order, the Court refers to Denis McDonough as Defendant.

Now before the Court are: (1) Ms. Randles' Response to the Show Cause Order, ECF No. 35; (2) Defendant's Response to the Show Cause Order, ECF No. 36; and (3) Ms. Randles' Reply to Defendant's Response, ECF No. 38. Ms. Randles argues that she did not do anything wrong, and even if she did, Defendant suffered no real prejudice.

Ms. Randles' arguments are unpersuasive. On the affidavits issue, Ms. Randles intentionally filed one unsigned and undated affidavit and two other undated affidavits. All three of these affidavits failed to comply with the statutory requirements that all unsworn affidavits must be "signed, dated, and certified as true and correct under penalty of perjury." *Zubod v. Hoch*, 907 F.3d 568, 574 (8th Cir. 2018) (interpreting 28 U.S.C. § 1746). And this is not an isolated incident. Ms. Randles has been admonished for filing invalid affidavits on summary judgment in several other cases. *See Watson v. McDonough*, 996 F.3d 850, 854 n.3 (8th Cir. 2021); *Hill v. McDonough*, No. 4:21-CV-00466-RK, 2023 WL 2061246, at *2 (W.D. Mo. Feb. 16, 2023), *aff'd*, No. 23-1797, 2024 WL 2890977 (8th Cir. June 10, 2024). And although she claims that she had planned to file a signed affidavit later, she never did so. Instead, she left the issue unaddressed until the Court discovered it. This suggests that Ms. Randles was being intentionally misleading.

But that was not the only problem with her filings. She also controverted facts without any legal or factual basis to do so, and her briefing and pleadings were riddled with misstatements of fact and the legal basis for her claims. For example, she had portions of her brief where she discussed facts that were from another client's case, and her complaint raised claims under the wrong legal provisions. This is a not a new phenomenon either, as other courts have noted similar issues. *See Hill*, 2023 WL 2061246, at *1 (explaining at the outset of the order that "many of Plaintiff's proffered facts lack an accurate citation to the summary judgment record (i.e., are not supported by the record cited), mischaracterize the cited record, or are arguments presented as

2

facts"). In further reviewing the summary judgment briefing, the Court also discovered that Ms. Randles violated the Local Rules by failing to put each fact in a separately *numbered* and supported paragraph. L.R. 56.1(b)(2). She also prefaced her response to Defendant's statement of facts as well as her own statement of facts with a rambling narrative about the facts of her client's case. This also fails to comply with the Local Rules. In her show cause briefing, she also ignored the Court's directive that she rely on the binding Eighth Circuit decisions from the show cause order as well as others that she found.

These offenses are not victimless, either. When Ms. Randles does these things, Defendant must sift through her unorganized, unsupported, and convoluted briefing to determine what she is arguing and if it has any factual or legal support. This significantly increases the time and cost of litigation. The same is true for the Court: It spends an inordinate amount of time trying to understand and analyze Ms. Randles' filings. All of this could be avoided if Ms. Randles took more time to follow the rules and carefully draft her filings and briefs.[3]

This leads the Court to the ultimate issue: Is this malice or incompetence? This is a close question. On the one hand, it seems possible that Ms. Randles is engaging in these tactics to mislead and burden Defendant and the Court. For example, she may be employing a scattershot and burdensome drafting and litigation strategy to get Defendant to capitulate into settling the case. *See MDKC, LLC v. City of Kansas City, Mo.*, No. 4:23-CV-00751-DGK, 2025 WL 1873000, at *9 (W.D. Mo. July 7, 2025) (dismissing case under Federal Rule of Civil Procedure 41(b) where Plaintiffs had engaged in burdensome and abusive litigation strategy to force a settlement). Along

---

[3] Ms. Randles also makes an astonishing argument that she cannot be sanctioned because the Government does not keep billable hours. Not so. In the future, the Government should keep track of the hours its attorneys work on Ms. Randles' cases, and if the Government has the legal authority and need to do so, it may certainly seek sanctions from her for the unnecessary work it does. Alternatively, Ms. Randles violations also burden the Court, so she may be ordered to pay monetary fines to the Court as well.

those same lines, she may also be muddling the record and briefing to mislead the Court into finding a genuine dispute of fact where none exists or to cause the Court to send the case to trial rather than laboriously untangle the morass she creates at the summary judgment stage. Ms. Randles lends some credence to this theory because she spends much of her show cause briefing explaining how she is an experienced, accomplished, and decorated attorney. This suggests that her actions are strategic, not negligent.

On the other hand, Ms. Randles' missteps may be unintentional. She has routinely struggled to diligently move cases before the undersigned. *See Smith v. McDonough*, No. 4:23-cv-00025, ECF No. 24 (collecting cases where Plaintiff's counsel had not been diligent). Other courts have noted the same problems. *See Hall-Pouncil v. McDonough*, 22-00556-CV-W-LMC, ECF No. 18 (W.D. Mo. Jan. 31, 2024); *Hornbeck v. Archdiocese of St. Louis*, No. 4:23-00245-CV-CDP, 2023 WL 4998855, at *1 (E.D. Mo. Aug. 4, 2023); *Willard v. Mayorkas*, No. 2:21-02538-CV-HLT-GEB, 2022 WL 21778529, at *1 (D. Kan. July 19, 2022). Still other courts have noted that her briefing is disjointed, difficult to follow, and legally unsupported. *See K.J. as Next Friend for K.D. v. St. Joseph Sch. Dist.*, No. 18-CV-06113-SRB, 2019 WL 13259103, at *1 (W.D. Mo. Nov. 21, 2019). This suggests she may be inattentive, dilatory, and/or incompetent. And this may be from her taking too many cases or not spending enough time on her cases. That certainly raises ethical concerns that may require the Court to report her to the Missouri Bar, but that type of behavior generally does not result in sanctions.

At bottom, the Court cannot reasonably infer on this record that Ms. Randles' conduct is knowing and intentional. Thus, sanctions are not appropriate right now. But Ms. Randles is warned that if she engages in any of this conduct in the future, the Court will sanction her under Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and/or the Court's inherent authority. The

4

Case 4:21-cv-00781-DGK   Document 39   Filed 12/01/25   Page 4 of 5

sanctions may include—but are not limited to—imposing monetary sanctions, striking filings, dismissing cases, or formally reprimanding her. The Court may also report Ms. Randles to the Missouri Bar if she violates any of the ethical rules in future cases. In all future filings before the Court, Ms. Randles shall ensure that she fully complies with the Federal Rules of Civil Procedure, the Local Rules, and all other legal requirements.

**IT IS SO ORDERED.**

Date: December 1, 2025      /s/ Greg Kays
                            GREG KAYS, JUDGE
                            UNITED STATES DISTRICT COURT